UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TRACY MCKNEELY                                                            CIVIL ACTION NO. 12-354-SDD-RLB

v.

**ZACHARY POLICE DEPARTMENT,
THROUGH THE CITY OF ZACHARY,
ET AL.**

## ORDER

Before the Court is the Plaintiff's Motion for Leave to file her Supplemental and Amending Petition (R. Doc. 19). The Plaintiff filed the instant motion on June 17, 2013. Any opposition to this motion was required to be filed within 21 days after service of the motion. L.R. 7.4. The Defendants have not filed an opposition as of the date of this Order. The motion is therefore unopposed.

In this sexual harassment action, the Plaintiff alleges the Defendants, among other things, violated her rights secured by the First and Fourteenth Amendments to the United States Constitution and the Louisiana Employment Discrimination Law ("LEDL"), La. R.S. 23:301, *et seq*. (R. Doc. 1-1). The Plaintiff now seeks leave to amend her Complaint to include a claim against the Zachary Police Department through the City of Zachary, based on the same set of facts, under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et. seq*. (R. Doc. 19-1).

The court will only allow an untimely motion to amend a pleading proceed where the moving party demonstrates "good cause" for modifying the deadline set by the scheduling order. Fed. R. Civ. P. 16(b)(4); *S & W Enter., LLC v. South Trust Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003). The Fifth Circuit has provided a four-part test for determining whether "good

cause" exists to grant an untimely motion to amend a pleading: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S & W Enter.*, 315 F.3d at 536 (*citing Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)).

All four factors weigh in favor of granting the Plaintiff's motion. First, the Plaintiff diligently filed her motion just seven days after receiving a right to sue notice from the EEOC. Second, the amendment is important to the Plaintiff as it timely asserts her rights under federal law after receiving the right to sue notice. Third, there is little, if any, prejudice to the Defendants in allowing the amendment. As stated above, the Defendants do not oppose the motion. Furthermore, one of the Defendants has acknowledged that "the analysis of Plaintiff's hostile environment claim is the same under the LEDL as it would have been under Title VII" (R. Doc. 18-1, at 8 n.6). The Plaintiff's proposed Supplemental and Amending Petition contains no additional facts or claims that would require the Defendants to expend additional resources on discovery or legal analysis. Fourth, there will be no need for a continuance of the remaining deadlines in this matter.[1]

Given that the good cause requirement under Rule 16(b)(4) is met, the court turns to the more liberal standard of Rule 15(a). *See S & W Enter.*, 315 F.3d at 536. The court liberally construes Rule 15(a) in favor of amendment. *See Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981) ("the liberal position of the federal rules on granting amendments . . . evinces a bias in favor of granting leave to amend"). The court has discretion to deny a motion to amend if it is futile. *See Stripling v. Jordan Production Co., LLC*, 234 F.3d 863, 872-73 (5th

---

[1] If deemed necessary, the Defendants may seek leave to supplement their summary judgment briefing to address the Plaintiff's new claim under the Title VII.

Cir. 2000). The representations made in the Plaintiff's proposed Supplemental and Amending Petition (R. Doc. 19-1, at 1) are sufficient to show that Plaintiff asserted her claim under Title VII within 90 days of obtaining a notice of right to sue, as required by 42 U.S.C. § 2000e-5(f)(1).

For the reasons given above;

**IT IS ORDERED** that the Plaintiff's Motion for Leave (R. Doc. 19) is **GRANTED** and that the Plaintiff's Supplemental and Amending Petition (R. Doc. 19-1) be filed in the record.

Signed in Baton Rouge, Louisiana, on August 6, 2013.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**